**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL BUTLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:19-cv-00066-SNLJ** |
| | ) | |
| **TRAVELERS HOME AND MARINE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to compel arbitration (#7) and motion to strike claim for state law statutory damages (#8), as well as plaintiff's motion to remand (#9). None of the motions have been responded to; however, the time to do so has expired. For the reasons stated below, defendant's motion to compel arbitration and motion to strike will be **DENIED AS MOOT** and plaintiff's motion to remand will be **GRANTED**. This matter is hereby **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

This case was brought to the Court on the basis of diversity jurisdiction. Defendant now moves to compel arbitration pursuant to the parties' policy of insurance and also seeks to strike certain damages plaintiff seeks under Section 375.420, RSMo. Both motions, however, are predicated on the idea that this Court has subject-matter jurisdiction. *See Vaden v. Discovery Bank*, 556 U.S. 49, 62-63, 66 (holding that a court must first have subject-matter jurisdiction before deciding whether to compel arbitration).

1

Plaintiff argues the Court lacks subject-matter jurisdiction, specifically diversity jurisdiction, because the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332(a). In particular, plaintiff notes that he "clearly alleges [in his complaint] that the amount in controversy would not exceed $75,000.00." Plaintiff goes so far as to attach an affidavit to his motion affirming that he does not seek more than $75,000. "Federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). Moreover, the Court notes that it is defendant's burden to establish diversity jurisdiction upon removing a case to federal court—a burden defendant has chosen not to carry by declining to respond to plaintiff's motion. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). For these reasons, this Court will remand the matter back to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#9) is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that defendant's motion to compel arbitration (#7) and motion to strike (#8) are **DENIED AS MOOT**.

So ordered this 5th day of March 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE